UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EMILIO PINERO,
    Plaintiff,

vs.

CITY BLOCK PROPERTIES LLC and
BRICKELL STATION CORP.,
    Defendants.

## COMPLAINT

Plaintiff, EMILIO PINERO (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, CITY BLOCK PROPERTIES LLC and BRICKELL STATION CORP. (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a gas station/convenient store located on or about 720 SW 2nd Avenue, Miami, FL 33130 (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the Subject Premises are located in Miami-Dade County and the Southern District.

1

## PARTIES

4. Plaintiff, EMILIO PINERO, is over the age of 18, *sui juris*, and a resident of Maimi-Dade County, Florida. Plaintiff is a double-leg amputee from the knee down, requires the use of a wheelchair for mobility purposes, and is a qualified individual under the ADA.

5. Defendant, CITY BLOCK PROPERTIES LLC, is a Florida limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

6. Pursuant to the Miami-Dade County Property Appraiser's Office, Defendant, CITY BLOCK PROPERTIES LLC, is the owner of the Subject Premises.

7. Defendant, BRICKELL STATION CORP., is a Florida profit corporation which is authorized to and does transact business in the State of Florida and within this judicial district, and is the owner/operator of the gas station/convenience store "CHEVRON" located at the Subject Premises.

8. According to the Florida Department of Business and Professional Regulation, the Defendant, BRICKELL STATION CORP., d/b/a CHEVRON, was issued a Retail Beverage and Tabacco license on November 29, 2018 for the Subject Premises.

## FACTUAL ALLEGATIONS AND CLAIM

9. Plaintiff, in his individual capacity, has visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

10. Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

11. Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

12. Beyond his personal interest in accessing the Subject Premises, Plaintiff is an advocate for individuals with disabilities and is committed to asserting his civil rights and the rights of others similarly situated.

13. Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

14. Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

15. As the Subject Premises was designed, constructed, and received its State Licensure in 2018, Plaintiff asserts that the ADA violations at the property are intentional and will not be corrected without Court intervention, further exacerbating the harm Plaintiff has suffered and will continue to endure.

**16.** The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

**17.** Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

**18.** Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

**19.** On February 8, 2025, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

**20.** Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

**COUNT I**
**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**
**(Against All Defendants)**

**21.** Plaintiff restates Paragraphs 1-20 as though fully set forth herein.

**22.** Defendants, CITY BLOCK PROPERTIES LLC and BRICKELL STATION CORP., have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with

Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

23.  CITY BLOCK PROPERTIES LLC, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

24.  BRICKELL STATION CORP., as the operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

25.  The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**Accessible Parking**

**i. Non-Compliant Surface Slope in Accessible Parking Space**
Plaintiff and other wheelchair users experience difficulty parking due to an excessive surface slope within the designated accessible parking space. ADA regulations require accessible parking spaces to have a slope not exceeding 2% in any direction to ensure stability for individuals with mobility impairments. This violates §502.4 of the ADAAG and §502.4 of the 2010 ADA Standards. Reworking or repaving the parking space to provide a compliant surface slope is readily achievable.

**ii. Non-Compliant Surface Slope in Access Aisle**
The access aisle adjacent to the accessible parking space has a surface slope that exceeds the maximum allowable limit, making it difficult for wheelchair users, including Plaintiff, to maneuver safely. ADA regulations require access aisles to be level with a slope not exceeding 2% in any direction. This violates §502.4 of the ADAAG and §502.4 of the 2010 ADA Standards. Adjusting the surface slope to comply with accessibility requirements is readily achievable.

**iii. Access Aisle Has Vertical Change in Level**
Plaintiff is unable to fully utilize the access aisle due to a vertical change in level. ADA regulations require access aisles to be level and free of abrupt changes in height to allow smooth transitions for wheelchair users. This violates §502.4 of the ADAAG and §502.4

of the 2010 ADA Standards. Reworking the area to eliminate the vertical level change is readily achievable.

### iv. Accessible Parking Space Surface is Broken, Creating a Hazard

The surface of the accessible parking space is damaged, with broken pavement and openings that create hazards for individuals using wheelchairs. ADA regulations require that accessible parking spaces have firm, stable, and slip-resistant surfaces. This violates §502.4 of the ADAAG and §502.4 of the 2010 ADA Standards. Repaving the accessible parking space to provide a smooth, compliant surface is readily achievable.

### Accessible Route

### v. Non-Compliant Running Slope on Accessible Route

Plaintiff and other wheelchair users face difficulty navigating the accessible route due to an excessive running slope. ADA regulations limit the slope of an accessible route to a maximum of 5% unless it is a ramp, which then must comply with ramp-specific regulations. This violates §403.3 of the ADAAG and §403.3 of the 2010 ADA Standards. Re-grading the accessible route to provide a compliant running slope is readily achievable.

### vi. Non-Compliant Cross Slope on Accessible Route

The accessible route has an excessive cross slope, making navigation difficult for Plaintiff and other individuals using mobility aids. The cross slope on an accessible route must not exceed 2% to ensure stability. This violates §403.3 of the ADAAG and §403.3 of the 2010 ADA Standards. Regrading or repaving the accessible route to provide a compliant cross slope is readily achievable.

### vii. Vertical Change in Level on Accessible Route

Plaintiff and other wheelchair users encounter difficulty navigating the accessible route due to an abrupt vertical change in level. ADA regulations require changes in level greater than 0.5 inches to be ramped or beveled to allow safe passage. This violates §303.3 of the ADAAG and §403.4 of the 2010 ADA Standards. Modifying the route to eliminate abrupt level changes is readily achievable.

### Store Entrance

### viii. Retail Display Rack Encroaching on Maneuvering Clearance at Door

A retail display rack obstructs the required maneuvering clearance on the pull side of the entrance door, making it difficult for Plaintiff and other wheelchair users to enter. ADA regulations require a minimum clearance to allow individuals using mobility aids to navigate doors independently. This violates §404.2.4 of the ADAAG and §404.2.4.1 of the 2010 ADA Standards. Relocating the display rack to maintain a clear maneuvering space is readily achievable.

### ix. Insufficient Maneuvering Clearance on Push Side of Door

The push side of the entrance door does not provide the required clearance, making it difficult for wheelchair users, including Plaintiff, to open the door comfortably. ADA

regulations require a minimum maneuvering clearance on both push and pull sides of doors to allow independent use. This violates §404.2.4 of the ADAAG and §404.2.4.1 of the 2010 ADA Standards. Adjusting the door placement or surrounding area to ensure compliant maneuvering clearance is readily achievable.

**Public Restroom**

**x. Insufficient Knee Clearance at Lavatory**
Plaintiff is unable to use the lavatory comfortably due to insufficient knee clearance. ADA regulations require at least 27 inches of knee clearance above the finished floor to accommodate individuals using wheelchairs. This violates §606.2 of the ADAAG and §306.3 of the 2010 ADA Standards. Adjusting the lavatory height and depth to provide compliant clearance is readily achievable.

**xi. Water Closet Flush Control Positioned on Wall Side**
Plaintiff and other wheelchair users experience difficulty operating the flush control as it is located on the wall side instead of the open side. ADA regulations require flush controls to be positioned for easy reach from a seated position. This violates §604.6 of the ADAAG and §604.6 of the 2010 ADA Standards. Repositioning the flush control to the open side or installing an electronically controlled mechanism is readily achievable.

**xii. Non-Compliant Side Wall Grab Bar at Water Closet**
The side wall grab bar is improperly positioned, making it difficult for Plaintiff and other wheelchair users to transfer safely onto the water closet. ADA regulations require the side wall grab bar to be at least 42 inches long and mounted at a compliant height. This violates §604.5.1 of the ADAAG and §604.5.1 of the 2010 ADA Standards. Relocating the grab bar to a compliant position is readily achievable.

**xiii. Non-Compliant Rear Wall Grab Bar at Water Closet**
The rear wall grab bar is mounted at an incorrect height, reducing its effectiveness for safe transfers. ADA regulations require grab bars to be mounted between 33 and 36 inches above the finished floor. This violates §604.5.2 of the ADAAG and §604.5.2 of the 2010 ADA Standards. Adjusting the grab bar height to meet accessibility requirements is readily achievable.

**xiv. Hand Dryer Mounted Beyond Accessible Reach Range**
The hand dryer is mounted too high, making it difficult for Plaintiff and other wheelchair users to reach. ADA regulations require that hand dryers be mounted no higher than 48 inches for a forward approach. This violates §308.2.1 of the ADAAG and §606.1 of the 2010 ADA Standards. Lowering the hand dryer to a compliant height is readily achievable.

**xv. Toilet Tissue Dispenser Mounted at Non-Compliant Location**
Plaintiff is unable to reach the toilet tissue dispenser comfortably due to its improper mounting location. ADA regulations require dispensers to be positioned 7 to 9 inches in front of the toilet and between 15 to 48 inches above the finished floor. This violates §604.7

of the ADAAG and §604.7 of the 2010 ADA Standards. Repositioning the dispenser to a compliant location is readily achievable.

**xvi. Water Closet Air Freshener Mounted Over Rear Grab Bar**
An air freshener is mounted directly above the rear grab bar, reducing the clearance space required for safe use of the grab bar. ADA regulations require that grab bars have a minimum of 12 inches of clear space above them. This violates §609.3 of the ADAAG and §609.3 of the 2010 ADA Standards. Relocating the air freshener to maintain the required clearance is readily achievable.

26. The barriers, conditions, and violations described above represent those personally encountered by Plaintiff. These violations deprive Plaintiff and other similarly situated individuals of full and equal enjoyment of the Subject Premises, in violation of 42 U.S.C. § 12182 and the ADAAG.

27. Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

28. In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

29. Plaintiff, in his capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

30. The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

31. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

**RELIEF SOUGHT**

32. Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

33. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

34. Plaintiff requests an inspection of the Subject Premises in order to determine all of the discriminatory acts violating the ADA, including specifically those barriers to access concealed when Plaintiff encountered and observed the initial barriers to access detailed above.

35. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

/s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
 *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, Florida 33432
844-702-8867
WassenbergL@gmail.com